2017 JUL 12  PM 2:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ED CR 17-00145

| UNITED STATES OF AMERICA, | ED CR No. 17- |
| | |
| Plaintiff, | I N D I C T M E N T |
| | |
| v. | [18 U.S.C. § 286: Conspiracy to Defraud the Government with Respect to Claims; 18 U.S.C. § 287: False, Fictitious, or Fraudulent Claims Against the United States; 18 U.S.C. § 641: Theft of Government Property Exceeding $1,000; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028(a)(4): Possession of an Identification Document and False Identification Documents with Intent to Defraud the United States; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to Be Done; 18 U.S.C. §§ 981(a)(1)(C), 982, 1029; 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CHARLENE CASTREJON, RAYMOND SALAZAR, REBECCA MONA SANDOVAL, and ROBERT MANUEL GAMBOA, JR., aka "Paul Timothy Garcia," | |
| | |
| Defendants. | |



UNDER SEAL

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 286]

A.   THE OBJECT OF THE CONSPIRACY

1.   Beginning on a date unknown to the Grand Jury and continuing through in or about April 2015, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendants CHARLENE CASTREJON ("CASTREJON"), RAYMOND SALAZAR ("SALAZAR"), REBECCA MONA SANDOVAL ("SANDOVAL"), and ROBERT MANUEL GAMBOA, JR., also known as "Paul Timothy Garcia" ("GAMBOA"), together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to defraud the United States by obtaining, and aiding the obtaining of, the payment and allowance of false, fictitious, and fraudulent claims submitted to the Internal Revenue Service ("IRS"), which is part of the United States Department of Treasury.

B.   THE MANNER AND MEANS OF THE CONSPIRACY

2.   The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

a.   Defendants CASTREJON and SALAZAR, and others known and unknown to the Grand Jury, would obtain the names, social security numbers, and dates of birth of individuals without their knowledge or consent (the "identity theft victims").

b.   Defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, would prepare false and fraudulent United States Individual Income Tax Returns, Forms 1040 and 1040A, in the names of the identity theft victims with false income information, false dependent information, false earned income credit information, false education

credit information, and/or false child tax credit information (the "Fraudulent Tax Returns"). As a result of the false information, the Fraudulent Tax Returns would include false, fictitious, and fraudulent claims for tax refunds (the "Claimed Refunds").

c. Defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury, would report in the Fraudulent Tax Returns false taxpayer mailing addresses for payment of the Claimed Refunds, using their own or associates' residences over which they had control and to which they had access. In other instances, defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury, would have the Fraudulent Tax Returns request the IRS to deposit the Claimed Refunds directly into debit card accounts that were controlled by defendants CASTREJON, SALAZAR, and SANDOVAL.

d. Defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury, would then file and cause to be filed with the IRS the Fraudulent Tax Returns, without the knowledge or consent of the identity theft victims who were named as taxpayers in the Fraudulent Tax Returns.

e. By filing these Fraudulent Tax Returns, defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury, would cause the IRS to either mail the Claimed Refund payment checks (the "Refund Checks") to the purported taxpayer addresses that were controlled by defendants CASTREJON, SALAZAR, and SANDOVAL, or deposit the Claimed Refunds directly into the purported taxpayer debit card accounts that defendants CASTREJON, SALAZAR, and SANDOVAL, and others, controlled.

1          f.    Defendants CASTREJON, SALAZAR, SANDOVAL, and GAMBOA,

2    and others known and unknown to the Grand Jury, would deposit the

3    Refund Checks into accounts controlled by defendants CASTREJON,

4    SALAZAR, and SANDOVAL, and cash the Refund Checks at banks or check-

5    cashing businesses.

6          g.    Defendants CASTREJON, SALAZAR, and SANDOVAL, and

7    others known and unknown to the Grand Jury, would withdraw cash

8    directly from the debit card accounts funded by the Claimed Refund

9    payments and make purchases using debit cards drawn on the debit card

10   accounts funded by the Claimed Refund payments.

11         h.    Through the conspiracy described above, defendants

12   CASTREJON, SALAZAR, SANDOVAL, and GAMBOA, and others known and

13   unknown to the Grand Jury, caused at least 527 Fraudulent Tax Returns

14   to be filed with the IRS, which sought fraudulent Claimed Refunds of

15   more than $1.9 million from the United States.

16   C.   OVERT ACTS

17       3.    In furtherance of the conspiracy and to accomplish its

18   object, defendants CASTREJON, SALAZAR, SANDOVAL, and GAMBOA, together

19   with others known and unknown to the Grand Jury, committed, willfully

20   caused others to commit, and aided and abetted the commission of, the

21   following overt acts, among others, in the Central District of

22   California and elsewhere:

23   **Fraudulent Tax Returns Submitted From Ayres Hotel**

24      Overt Act No. 1:    On or about October 11, 2012, defendants

25   CASTREJON and SANDOVAL, and others known and unknown to the Grand

26   Jury, checked into the Ayres Hotel in Redlands, California.

27      Overt Act No. 2:    On or about October 12, 2012, while at Ayres

28   Hotel, defendants CASTREJON and SANDOVAL, and others known and

unknown to the Grand Jury, aiding and abetting each other, prepared and submitted to the IRS thirteen Fraudulent Tax Returns for tax year 2011, using the Free Tax USA internet tax return preparation software, operated by Tax Hawk, Inc., and two Fraudulent Tax Returns for tax year 2011, using the TaxAct internet tax return preparation software, operated by TaxAct, Inc., claiming refund amounts ranging from $1,057 to $5,024, for a total of $55,399.

Overt Act No. 3:   On or about October 12, 2012, in filing the fifteen Fraudulent Tax Returns, defendants CASTREJON and SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, used a Free Tax USA or TaxAct account username for each Fraudulent Tax Return that combined the first and last names of the person whose identity was being used to submit the Fraudulent Tax Return, followed by "7777" or "8888."

Overt Act No. 4:   On or about October 12, 2012, in filing the Fraudulent Tax Returns, defendants CASTREJON and SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, used the password "92589258b" in combination with each of the thirteen Free Tax USA account usernames, and the password "92589258B" with each of the two TaxAct account usernames in preparing and filing the Fraudulent Tax Returns to the IRS.

Overt Act No. 5:   On or about October 12, 2012, when filing the Fraudulent Tax Returns, defendants CASTREJON and SANDOVAL, and others known and unknown to the Grand Jury, possessed and used the names, social security numbers, and dates of birth of D.A., C.B., M.B., E.C., S.C., E.G., D.J., K.L., A.Ma., R.M., O.M., J.M., A.P., L.S., and P.W., without lawful authority, falsely claiming that each

1  Fraudulent Tax Return was prepared by the individual whose name was

2  being used.

3  **Fraudulent Tax Returns Submitted from the Palomino Residence**

4  Overt Act No. 6:   On or about January 29, 2013, defendants

5  CASTREJON and SALAZAR, and others known and unknown to the Grand

6  Jury, aiding and abetting each other, prepared and submitted to the

7  IRS eleven Fraudulent Tax Returns for tax year 2012, using the Free

8  Tax USA internet software from an internet protocol address ("IP

9  address") ending with .243 at the residence of defendants CASTREJON

10 and SALAZAR on Palomino Street in Hemet, California (the "Palomino

11 Residence"), each claiming a refund amount of $4,169, for a total of

12 $45,859.

13 Overt Act No. 7:   On or about January 29, 2013, in submitting

14 the eleven Fraudulent Tax Returns, defendants CASTREJON and SALAZAR,

15 and others known and unknown to the Grand Jury, aiding and abetting

16 each other, used a Free Tax USA account username for each Fraudulent

17 Tax Return that combined the first and last names of the person whose

18 identity was being used to submit the Fraudulent Tax Return, followed

19 by "7777."

20 Overt Act No. 8:   On or about January 29, 2013, defendants

21 CASTREJON and SALAZAR, and others known and unknown to the Grand

22 Jury, aiding and abetting each other, used the identical password –

23 "92589258b" – in combination with each Free Tax USA account username

24 in preparing and submitting to the IRS the eleven Fraudulent Tax

25 Returns.

26 Overt Act No. 9:   On or about January 29, 2013, when

27 submitting the Fraudulent Tax Returns, defendants CASTREJON and

28 SALAZAR, and others known and unknown to the Grand Jury, possessed

and used the names, social security numbers, and dates of birth of B.A., J.B., A.B., J.E., C.M., D.R., A.R., T.R., A.T., D.T., and S.Wh., without lawful authority, falsely claiming that each Fraudulent Tax Return was prepared by the individual whose name was being used.

**Fraudulent Tax Returns Submitted from the Center Grove Residence on or about January 31, 2013**

Overt Act No. 10:   On or about January 31, 2013, defendant SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, prepared and submitted to the IRS four Fraudulent Tax Returns for tax year 2012, using the Free Tax USA internet software from an IP address ending with .29 at the residence of defendant SANDOVAL on Center Grove Way in San Jacinto, California (the "Center Grove Residence"), claiming refund amounts ranging from $3,169 to $6,236, for a total of $17,641.

Overt Act No. 11:   On or about January 31, 2013, in submitting the four Fraudulent Tax Returns, defendant SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, used a Free Tax USA account username for each Fraudulent Tax Return that began with a name, followed by a letter and "7777."

Overt Act No. 12:   On or about January 31, 2013, defendant SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, used the identical password – "92589258b" – in combination with each Free Tax USA account username in preparing and submitting to the IRS the four Fraudulent Tax Returns.

Overt Act No. 13:   On or about January 31, 2013, when submitting the Fraudulent Tax Returns, defendant SANDOVAL, and others known and unknown to the Grand Jury, possessed and used the names,

social security numbers, and dates of birth of S.B., C.C., Ca.H., and S.M., without lawful authority, falsely claiming that each Fraudulent Tax Return was prepared by the individual whose name was being used.

**Fraudulent Tax Returns Submitted from the Center Grove Residence — February 17, 2013 through April 4, 2013**

Overt Act No. 14:   From on or about February 17, 2013 through on or about April 17, 2013, defendant SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, prepared and submitted to the IRS fourteen Fraudulent Tax Returns for tax year 2012, using the Free Tax USA internet software from an IP address ending with .38 at the Center Grove Residence, claiming refund amounts ranging from $4,169 to $5,205, for a total of $67,005.

Overt Act No. 15:   From on or about February 17, 2013 through on or about April 17, 2013, in submitting the fourteen Fraudulent Tax Returns, defendant SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, used a Free Tax USA account username for each Fraudulent Tax Return that began with a name, followed by a letter and "7777" or "8888."

Overt Act No. 16:   From on or about February 17, 2013 through on or about April 17, 2013, defendant SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, used the identical password – "92589258b" – in combination with each Free Tax USA account username in preparing and submitting to the IRS the fourteen Fraudulent Tax Returns.

Overt Act No. 17:   From on or about February 17, 2013 through on or about April 17, 2013, when submitting the Fraudulent Tax Returns, defendant SANDOVAL, and others known and unknown to the Grand Jury possessed and used the names, social security numbers, and

1    dates of birth of J.A., A.A., L.B., M.Br., V.C., H.H., Ch.H., D.J.,

2    P.L., A.Mo., M.O., A.P., M.S., and S.Wo., without lawful authority,

3    falsely claiming that each Fraudulent Tax Return was prepared by the

4    individual whose name was being used.

5    **Fraudulent Tax Returns Submitted from the Center Grove Residence —**

6    **April 21, 2013 through May 13, 2013**

7    Overt Act No. 18:   From on or about April 21, 2013 through on

8    or about May 13, 2013, defendant SANDOVAL, and others known and

9    unknown to the Grand Jury, aiding and abetting each other, prepared

10   and submitted to the IRS sixteen Fraudulent Tax Returns for tax year

11   2012, using the Free Tax USA internet software from an IP address

12   ending with .47 at the Center Grove Residence, claiming refund

13   amounts ranging from $4,123 to $6,770, for a total of $74,047.

14   Overt Act No. 19:   From on or about April 21, 2013 through on

15   or about May 13, 2013, in submitting the sixteen Fraudulent Tax

16   Returns, defendant SANDOVAL, and others known and unknown to the

17   Grand Jury, aiding and abetting each other, used a Free Tax USA

18   account username for each Fraudulent Tax Return that began with a

19   name, followed by a letter and "7777" or "8888."

20   Overt Act No. 20:   From on or about April 21, 2013 through on

21   or about May 13, 2013, in submitting the sixteen Fraudulent Tax

22   Returns, defendant SANDOVAL, and others known and unknown to the

23   Grand Jury, aiding and abetting each other, used the identical

24   password – "92589258b" – in combination with each Free Tax USA

25   account username in preparing and submitting to the IRS the sixteen

26   Fraudulent Tax Returns.

27   Overt Act No. 21:   From on or about April 21, 2013 through on

28   or about May 13, 2013, when submitting the Fraudulent Tax Returns,

defendant SANDOVAL, and others known and unknown to the Grand Jury, possessed and used the names, social security numbers, and dates of birth of J.Be., C.Cl., J.F., J.G., J.H., K.H., N.H., K.L., D.M., T.O., A.Ri., J.R., S.S., W.T., B.T., and K.W., without lawful authority, falsely claiming that each Fraudulent Tax Return was prepared by the individual whose name was being used.

**Fraudulent Tax Returns Submitted Using C.R. as False Dependent**

Overt Act No. 22:   On or about April 24, 2013, defendant SALAZAR submitted, and caused to be submitted, with the IRS a Fraudulent Tax Return in the name of his daughter, N.S., for tax year 2012, by claiming a false dependent, C.R., and a tax refund of $2,747.

Overt Act No. 23:   On or about April 24, 2013, in submitting a Fraudulent Tax Return in the name of N.S., defendant SALAZAR used a Free Tax USA account username for the Fraudulent Tax Return that combined N.S.'s first and middle names, followed by "8888." Defendant SALAZAR used "92589258b" as the password for the account in preparing and submitting N.S.'s Fraudulent Tax Return.

Overt Act No. 24:   On or about February 19, 2014, defendant SALAZAR submitted, and caused to be submitted, with the IRS a Fraudulent Tax Return in the name of his daughter, N.S., for tax year 2013, by claiming a false dependent, C.R., and a tax refund of $2,184.

Overt Act No. 25:   On or about April 5, 2015, defendant SALAZAR submitted, and caused to be submitted, with the IRS a Fraudulent Tax Return in his name for tax year 2014, by claiming a false dependent, C.R., and a tax refund of $4,305.

1    <u>Overt Act No. 26:</u>   On or about April 5, 2015, in submitting a

2    Fraudulent Tax Return in his name, defendant SALAZAR used

3    "raysalazar1194.rs@gmail.com" as his Free Tax USA account username

4    and email address for the Fraudulent Tax Return, which he filed from

5    a residence on Van Horne Street in Los Angeles, California.

6    **Deposits of Refund Checks into Bank Accounts**

7    <u>Overt Act No. 27:</u>   On or about December 20, 2011, defendant

8    CASTREJON, and others known and unknown to the Grand Jury, aiding and

9    abetting each other, deposited and caused to be deposited into

10   defendant CASTREJON's Bank of America account whose number ended with

11   681 ("BA 681 Account"), a United States Treasury check, number 3158

12   04661253, in the amount of $5,325, which had been issued as a tax

13   refund by the United States Treasury for tax year 2009 to L.V., whose

14   name, social security number, and date of birth had been used to

15   submit a Fraudulent Tax Return to the IRS.

16   <u>Overt Act No. 28:</u>   On or about December 6, 2012, defendant

17   CASTREJON, and others known and unknown to the Grand Jury, aiding and

18   abetting each other, deposited and caused to be deposited into the BA

19   681 Account, a United States Treasury check, number 3158 41895487, in

20   the amount of $4,868, which had been issued as a tax refund by the

21   United States Treasury for tax year 2011 to R.N., whose name, social

22   security number, and date of birth had been used to submit a

23   Fraudulent Tax Return to the IRS.

24   <u>Overt Act No. 29:</u>   On or about December 13, 2012, defendant

25   CASTREJON, and others known and unknown to the Grand Jury, aiding and

26   abetting each other, deposited and caused to be deposited into a Bank

27   of America account whose number ended with 778 ("BA 778 Account"), a

28   United States Treasury check, number 3158 41926202, in the amount of

1  $1,932, which had been issued as a tax refund by the United States

2  Treasury for tax year 2011 to R.V.L., whose name, social security

3  number, and date of birth had been used to submit a Fraudulent Tax

4  Return to the IRS.

5      Overt Act No. 30:   On or about December 18, 2012, defendant

6  CASTREJON, and others known and unknown to the Grand Jury, aiding and

7  abetting each other, deposited and caused to be deposited into the BA

8  681 Account, a United States Treasury check, number 3158 42195781, in

9  the amount of $25, which had been issued as a tax refund by the

10  United States Treasury for tax year 2010 to D.J. (with the Palomino

11  Residence address), whose name, social security number, and date of

12  birth had been used to submit a Fraudulent Tax Return to the IRS.

13      Overt Act No. 31:   On or about December 18, 2012, defendant

14  CASTREJON, and others known and unknown to the Grand Jury, aiding and

15  abetting each other, deposited and caused to be deposited into the BA

16  681 Account, a United States Treasury check, number 3158 41295782, in

17  the amount of $4,331.92, which had been issued as a tax refund by the

18  United States Treasury for tax year 2011 to D.J. (with the Palomino

19  Residence address), whose name, social security number, and date of

20  birth had been used to submit a Fraudulent Tax Return to the IRS.

21      Overt Act No. 32:   On or about December 18, 2012, defendant

22  CASTREJON, and others known and unknown to the Grand Jury, aiding and

23  abetting each other, deposited and caused to be deposited into

24  defendant CASTREJON's Chase Bank account whose number ended with 572,

25  a United States Treasury check, number 3158 41387829, in the amount

26  of $1,948, which had been issued as a tax refund by the United States

27  Treasury for tax year 2011 to A.B., whose name, social security

28  number, and date of birth had been used to submit a Fraudulent Tax

Return to the IRS.  Before depositing this check, defendant CASTREJON signed the back with A.B.'s signature and her own signature.

Overt Act No. 33:   On or about December 19, 2012, defendant CASTREJON, and others known and unknown to the Grand Jury, aiding and abetting each other, deposited and caused to be deposited into the BA 778 Account, a United States Treasury check, number 3158 42195886, in the amount of $2,091, which had been issued as tax refund by the United States Treasury for tax year 2011 to K.L. (with the Center Grove Residence address), whose name, social security number, and date of birth had been used to submit a Fraudulent Tax Return to the IRS.

Overt Act No. 34:   On or about January 11, 2013, defendant CASTREJON, and others known and unknown to the Grand Jury, aiding and abetting each other, deposited and caused to be deposited into the BA 778 Account, a United States Treasury check, number 3158 42587486, in the amount of $1,000, which had been issued as tax refund by the United States Treasury for tax year 2011 to D.L. (with the Palomino Residence address), whose name, social security number, and date of birth had been used to submit a Fraudulent Tax Return to the IRS.

Overt Act No. 35:   On or about February 18, 2013, defendant CASTREJON deposited and caused to be deposited into the BA 778 Account, a United States Treasury check, number 3158 43447813, in the amount of $4,947, which had been issued as tax refund by the United States Treasury for tax year 2011 to A.M. (with the Center Grove Residence Address), whose name, social security number, and date of birth had been used to submit a Fraudulent Tax Return to the IRS.

Overt Act No. 36:   On or about March 28, 2013, defendant GAMBOA deposited and caused to be deposited into a Chase Bank account whose

number ended with 5203, a United States Treasury check, number 3158
50793731, in the amount of $3,839.39, which had been issued as tax
refund by the United States Treasury for tax year 2012 to M.S., whose
name, social security number, and date of birth had been used to
submit a Fraudulent Tax Return to the IRS.

Overt Act No. 37:    On or about April 9, 2013, defendant
CASTREJON, and others known and unknown to the Grand Jury, aiding and
abetting each other, deposited and caused to be deposited into the BA
681 Account, a United States Treasury check, number 3158 54871203, in
the amount of $3,950, which had been issued as a tax refund by the
United States Treasury for tax year 2012 to J.M. (with the Palomino
Residence address), whose name, social security number, and date of
birth had been used to submit a Fraudulent Tax Return to the IRS.

Overt Act No. 38:    On or about April 10, 2013, defendant GAMBOA
deposited and caused to be deposited into a Chase Bank account whose
number ended with 6505, a United States Treasury check, number 3158
55613560, in the amount of $1,925.27, which had been issued as tax
refund by the United States Treasury for tax year 2012 to L.J., whose
name, social security number, and date of birth had been used to
submit a Fraudulent Tax Return to the IRS.   Before depositing this
check, defendant GAMBOA signed the back with the signatures of L.J.
and P.G. without authorization from L.J. or P.G.

Overt Act No. 39:    On or about April 10, 2013, defendant GAMBOA
possessed with intent to convert for the use of himself and others
two United States Treasury checks, numbers 3158 54871439 and 3158
54871430, each in the amount of $4,169, which had been issued as tax
refunds by the United States Treasury for tax year 2012 to A.M. and

1   K.S., respectively, whose names, social security numbers, and dates

2   of birth had been used to submit Fraudulent Tax Returns to the IRS.

3       Overt Act No. 40:   On or about April 18, 2013, defendant

4   CASTREJON, and others known and unknown to the Grand Jury, aiding and

5   abetting each other, deposited and caused to be deposited into the BA

6   778 Account, a United States Treasury check, number 3158 58817394, in

7   the amount of $5,068, which had been issued as tax refund by the

8   United States Treasury for tax year 2012 to E.D. (with the Palomino

9   Residence address), whose name, social security number, and date of

10  birth had been used to submit a Fraudulent Tax Return to the IRS.

11      Overt Act No. 41:   On or about April 30, 2013, defendant

12  CASTREJON, and others known and unknown to the Grand Jury, aiding and

13  abetting each other, deposited and caused to be deposited into the BA

14  681 Account, a United States Treasury check, number 3158 60730217, in

15  the amount of $5,169, which had been issued as a tax refund by the

16  United States Treasury for tax year 2012 to R.L. whose name, social

17  security number, and date of birth had been used to submit a

18  Fraudulent Tax Return to the IRS.

19  **Purchases With Debit Cards Funded by the U.S. Treasury**

20      Overt Act No. 42:   On or about October 30, 2012, defendant

21  SANDOVAL used a debit card with a number ending with 3729, which had

22  been issued to E.G. and funded by the United States Treasury with

23  $2,005 as tax refund for tax year 2011, to make a purchase of nine

24  tickets in the amount of $1,493.92 for a National Football League

25  game to be held in San Diego, California, on or about December 30,

26  2012.   Defendant SANDOVAL caused the nine tickets to be delivered to

27  defendant SANDOVAL at the Center Grove Residence.   In making this

28

purchase, defendant SANDOVAL provided "rebeccasandoval18@gmail.com" as the contact e-mail address.

Overt Act No. 43:   On or about December 30, 2012, defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury attended a National Football League game held in San Diego, using the game tickets that defendant SANDOVAL purchased with a debit card with a number ending with 3729, which had been issued to E.G. by the United States Treasury with tax refund for tax year 2011.

Overt Act No. 44:   On or about February 20, 2013, defendant CASTREJON used a debit card with a number ending with 6025, which had been issued to K.Lu. and funded by the United States Treasury with $4,169 as tax refund for tax year 2012, to make a $650.96 purchase of merchandise at a Kohl's store in Redlands, California, for defendant CASTREJON's own use.

Overt Act No. 45:   On or about April 17, 2013, defendant SALAZAR used a debit card with a number ending with 3718, which had been issued to A.M. and funded by the United States Treasury with $4,947 as tax refund for tax year 2012, to make a $107.26 purchase of merchandise at a Lowe's store in Hemet, California, for defendant SALAZAR's own use.

**Search of the Palomino Residence**

Overt Act No. 46:   On or about May 15, 2013, defendant SALAZAR possessed in the Palomino Residence approximately 90 printed copies of Fraudulent Tax Returns containing names, social security numbers, and dates of birth of other persons, including those of R.N. and K.Lu., which did not belong to defendant SALAZAR and defendant SALAZAR did not have permission or authorization to possess.

1   <u>Overt Act No. 47:</u>   On or about May 15, 2013, defendant SALAZAR
2   possessed in the Palomino Residence approximately 89 debit and credit
3   cards in the names of other persons, including those of R.N. and
4   K.Lu., which did not belong to defendant SALAZAR and defendant
5   SALAZAR did not have permission or authorization to possess.

6   <u>Overt Act No. 48:</u>   On or about May 15, 2013, defendant SALAZAR
7   possessed in the Palomino Residence identification cards and false
8   identification cards in the names of other persons, including those
9   of L.J. and V.C., which did not belong to defendant SALAZAR and
10  defendant SALAZAR did not have permission or authorization to
11  possess.

12  <u>Overt Act No. 49:</u>   On or about May 15, 2013, defendant SALAZAR
13  possessed in the Palomino Residence typewritten and handwritten lists
14  of names, social security numbers, and dates of birth of at least 300
15  persons, on which defendants SALAZAR and SANDOVAL, and others known
16  and unknown to the Grand Jury made handwritten notations in
17  furtherance of their fraudulent activities.

18  <u>Overt Act No. 50:</u>   On or about May 15, 2013, defendant
19  CASTREJON possessed at least fifteen social security numbers, dates
20  of birth, and debit cards in the names of other persons, including
21  those of A.Mo. and J.O., which did not belong to defendant CASTREJON
22  and defendant CASTREJON did not have permission or authorization to
23  possess.

24  <u>Overt Act No. 51:</u>   On or about May 15, 2013, defendant
25  CASTREJON possessed a handwritten list of names, social security
26  numbers, and dates of birth on which defendants CASTREJON and
27  SANDOVAL, and others known and unknown to the Grand Jury made
28  handwritten notations in furtherance of their fraudulent activities.

COUNTS TWO THROUGH SIX

[18 U.S.C. §§ 287, 2(b)]

On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant CHARLENE CASTREJON ("CASTREJON") knowingly made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, false, fictitious, and fraudulent claims upon the United States, namely, the following United States Treasury checks for the amounts set forth below presented to the following banks.  As defendant CASTREJON then well knew, these claims were false, fictitious, and fraudulent, in that defendant CASTREJON well knew that the United States Treasury checks had been obtained through a fraudulent tax return, the checks had not been issued to defendant CASTREJON, and defendant CASTREJON did not have authorization to present the checks to banks for deposit.

| COUNT | DATE | U.S. TREASURY CHECK NUMBER / PAYABLE TO | BANK PRESENTED TO | AMOUNT |
|-------|------|------------------------------------------|-------------------|--------|
| TWO | December 6, 2012 | 3158 41895487 / R.N. | Bank of America | $4,868.00 |
| THREE | December 18, 2012 | 3158 42195782 / D.J. | Bank of America | $4,331.92 |
| FOUR | December 18, 2012 | 3158 41387829 / A.B. | Chase Bank | $1,948.00 |
| FIVE | February 18, 2013 | 3158 43447813 / A.M. | Bank of America | $4,947.00 |
| SIX | April 30, 2013 | 3158 60730217 / R.L. | Bank of America | $5,169.00 |

COUNTS SEVEN THROUGH NINE

[18 U.S.C. §§ 287, 2(b)]

On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant RAYMOND SALAZAR ("SALAZAR") made and presented, and willfully caused to be made and presented, to the Internal Revenue Service ("IRS"), an agency of the United States, false, fictitious, and fraudulent claims upon the United States, namely, individual federal income tax returns, IRS Forms 1040 and 1040A, for the following tax years in the names of N.S. or defendant SALAZAR, that falsely claimed refunds in the following amounts, based in part upon a false dependent named C.R.  As defendant SALAZAR then well knew, these claims for refund were false, fictitious, and fraudulent in that neither N.S. nor defendant SALAZAR had a dependent named C.R. in tax years 2012, 2013, and 2014, and neither N.S. nor defendant SALAZAR was entitled to a refund based upon having a dependent.

| COUNT | DATE | TAX YEAR | TAX RETURN FILED IN THE NAME OF | CLAIMED REFUND AMOUNT |
|-------|------|----------|----------------------------------|------------------------|
| SEVEN | April 24, 2013 | 2012 | N.S. | $2,747.00 |
| EIGHT | February 19, 2014 | 2013 | N.S. | $2,184.00 |
| NINE | April 5, 2015 | 2014 | Defendant SALAZAR | $4,305.00 |

COUNTS TEN THROUGH FOURTEEN

[18 U.S.C. §§ 287, 2(b)]

On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant REBECCA MONA SANDOVAL ("SANDOVAL"), aiding and abetting others known and unknown to the Grand Jury, made and presented, and willfully caused to be made and presented, to the Internal Revenue Service ("IRS"), an agency of the United States, false, fictitious, and fraudulent claims upon the United States, namely, individual federal income tax returns, IRS Form 1040 and 1040A, for the following tax years in the names of the following individuals, that falsely claimed refunds in the following amounts, based in part upon the following false dependents.  As defendant SANDOVAL then well knew, these claims for refund were false, fictitious, and fraudulent in that none of the individuals in whose names the tax returns were made and presented had as dependents the individuals named as dependents in the tax returns, and thus were not entitled to refunds based upon the claimed dependents.

| COUNT | DATE | TAX YEAR | TAX RETURN FILED IN THE NAME OF | CLAIMED DEPENDENT | CLAIMED REFUND AMOUNT |
|---|---|---|---|---|---|
| TEN | October 12, 2012 | 2011 | E.G. | M.R. | $2,005.00 |
| ELEVEN | October 12, 2012 | 2011 | D.J. | A.Ri. | $4,907.00 |
| TWELVE | October 12, 2012 | 2011 | K.L. | W.W. | $2,091.00 |
| THIRTEEN | January 31, 2013 | 2012 | C.C. | T.W. | $4,922.00 |
| FOURTEEN | February 1, 2013 | 2012 | V.C. | K.M. | $4,169.00 |

COUNTS FIFTEEN AND SIXTEEN

[18 U.S.C. §§ 287, 2(b)]

On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant ROBERT MANUEL GAMBOA, JR., also known as "Paul Timothy Garcia" ("GAMBOA"), knowingly made and presented, and willfully caused to be made and presented, to the Internal Revenue Service, an agency of the United States, false, fictitious, and fraudulent claims upon the United States, namely, the following United States Treasury checks for the amounts set forth below presented to the following banks.  As defendant GAMBOA then well knew, these claims were false, fictitious, and fraudulent, in that defendant GAMBOA well knew that the United States Treasury checks had been obtained through a fraudulent tax return, the checks had not been issued to defendant GAMBOA, and defendant GAMBOA did not have authorization to present the checks to banks for deposit.

| COUNT | DATE | U.S. TREASURY CHECK NUMBER / PAYABLE TO | BANK PRESENTED TO | AMOUNT |
|---|---|---|---|---|
| FIFTEEN | March 28, 2013 | 3158 50793731 / M.S. | Chase Bank | $3,839.39 |
| SIXTEEN | April 10, 2013 | 3158 55613560 / L.J. | Chase Bank | $1,925.27 |

COUNTS SEVENTEEN THROUGH TWENTY-ONE

[18 U.S.C. §§ 641, 2]

On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant CHARLENE CASTREJON ("CASTREJON") knowingly and willfully embezzled, stole, purloined, and converted to her own use and the use of another, and aided and abetted and caused others known and unknown to the Grand Jury to knowingly and willfully embezzle, steal, purloin, and convert to their own use, money and things of value of the United States Department of the Treasury, a department and agency of the United States, namely, the following United States Treasury Checks to which defendant CASTREJON knew she was not entitled, each having value of more than $1,000, with the intent to deprive the United States of the use and benefit of that money:

| COUNT | DATE | U.S. TREASURY CHECK NUMBER | PAYABLE TO | AMOUNT |
|-------|------|----------------------------|------------|--------|
| SEVENTEEN | December 6, 2012 | 3158 41895487 | R.N. | $4,868.00 |
| EIGHTEEN | December 18, 2012 | 3158 42195782 | D.J. | $4,331.92 |
| NINETEEN | December 18, 2012 | 3158 41387829 | A.B. | $1,948.00 |
| TWENTY | February 18, 2013 | 3158 43447813 | A.M. | $4,947.00 |
| TWENTY-ONE | April 30, 2013 | 3158 60730217 | R.L. | $5,169.00 |

COUNT TWENTY-TWO

[18 U.S.C. §§ 641, 2]

On or about October 30, 2012, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant REBECCA MONA SANDOVAL ("SANDOVAL") knowingly and willfully embezzled, stole, purloined, and converted to her own use and the use of another, and aided and abetted and caused others known and unknown to the Grand Jury to knowingly and willfully embezzle, steal, purloin, and convert to their own use, money and things of value of the United States Department of the Treasury, a department and agency of the United States, to which defendant SANDOVAL knew she was not entitled, having value of more than $1,000, namely, a debit card with a number ending with 3729, which had been funded by the United States Treasury in the amount of $2,005 and issued to E.G., with which defendant SANDOVAL made an unauthorized purchase of $1,493.92 from VividSeats, with the intent to deprive the United States of the use and benefit of that money.

COUNTS TWENTY-THREE AND TWENTY-FOUR

[18 U.S.C. §§ 641, 2]

On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant ROBERT MANUEL GAMBOA, JR., also known as "Paul Timothy Garcia" ("GAMBOA"), knowingly and willfully embezzled, stole, purloined, and converted to his own use and the use of another, and aided and abetted and caused others known and unknown to the Grand Jury to knowingly and willfully embezzle, steal, purloin, and convert to their own use, money and things of value of the United States Department of the Treasury, a department and agency of the United States, namely, the following United States Treasury Checks to which defendant GAMBOA knew he was not entitled, each having value of more than $1,000, with the intent to deprive the United States of the use and benefit of that money:

| COUNT | DATE | U.S. TREASURY CHECK NUMBER | PAYABLE TO | AMOUNT |
|---|---|---|---|---|
| TWENTY-THREE | March 28, 2013 | 3158 50793731 | M.S. | $3,839.39 |
| TWENTY-FOUR | April 10, 2013 | 3158 55613560 | L.J. | $1,925.27 |

COUNTS TWENTY-FIVE THROUGH THIRTY-ONE

[18 U.S.C. §§ 1343, 2]

A.   SCHEME TO DEFRAUD

1.   Beginning on a date unknown to the Grand Jury and continuing through in or about April 2015, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendants CHARLENE CASTREJON ("CASTREJON"), RAYMOND SALAZAR ("SALAZAR"), REBECCA MONA SANDOVAL ("SANDOVAL"), and ROBERT MANUEL GAMBOA, JR., also known as "Paul Timothy Garcia" ("GAMBOA"), together with others known and unknown to the Grand Jury, aiding and abetting one another, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the Internal Revenue Service ("IRS"), an agency of the United States, as to material matters and to obtain money and property from the United States Department of Treasury by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2.   The fraudulent scheme operated, in substance, as follows:

a.   Defendants CASTREJON and SALAZAR, and others known and unknown to the Grand Jury, would obtain the names, social security numbers, and dates of birth of individuals without their knowledge or consent (the "identity theft victims").

b.   Defendants CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the Grand Jury, aiding and abetting each other, would prepare false and fraudulent United States Individual Income Tax Returns, Forms 1040 and 1040A, in the names of the identity theft victims with false income information, false dependent information, false earned income credit information, false education

credit information, and/or false child tax credit information (the
"Fraudulent Tax Returns"). As a result of the false information, the
Fraudulent Tax Returns would include false, fictitious, and
fraudulent claims for tax refunds (the "Claimed Refunds").

c.  Defendants CASTREJON, SALAZAR, and SANDOVAL, and
others known and unknown to the Grand Jury, would report in the
Fraudulent Tax Returns false taxpayer mailing addresses for payment
of the Claimed Refunds, using their own or associates' residences
over which they had control and to which they had access. In other
instances, defendants CASTREJON, SALAZAR, and SANDOVAL, and others
known and unknown to the Grand Jury, would have the Fraudulent Tax
Returns request the IRS to deposit the Claimed Refunds directly into
debit card accounts that were controlled by defendants CASTREJON,
SALAZAR, and SANDOVAL.

d.  Defendants CASTREJON, SALAZAR, and SANDOVAL, and
others known and unknown to the Grand Jury, would then file and cause
to be filed with the IRS the Fraudulent Tax Returns through internet
tax return preparation softwares, such as Free Tax USA or TaxAct,
without the knowledge or consent of the identity theft victims who
were named as taxpayers in the Fraudulent Tax Returns.

e.  By filing these Fraudulent Tax Returns, defendants
CASTREJON, SALAZAR, and SANDOVAL, and others known and unknown to the
Grand Jury, would cause the IRS to either mail the Claimed Refund
payment checks (the "Refund Checks") to the purported taxpayer
addresses that were controlled by defendants CASTREJON, SALAZAR, and
SANDOVAL, or deposit the Claimed Refunds directly into the purported
taxpayer debit card accounts that defendants CASTREJON, SALAZAR, and
SANDOVAL, and others, controlled.

         f.   Defendants CASTREJON, SALAZAR, SANDOVAL, and GAMBOA,
and others known and unknown to the Grand Jury, would deposit the
Refund Checks into accounts controlled by defendants CASTREJON,
SALAZAR, SANDOVAL, and/or GAMBOA, and cash the Refund Checks at banks
or check-cashing businesses.

         g.   Defendants CASTREJON, SALAZAR, and SANDOVAL, and
others known and unknown to the Grand Jury, would withdraw cash
directly from the debit card accounts funded by the Claimed Refund
payments and make purchases using debit cards drawn on the debit card
accounts funded by the Claimed Refund payments.

    3.   To execute the above-described scheme, defendants
CASTREJON, SALAZAR, SANDOVAL, and GAMBOA, and others known and
unknown to the Grand Jury, made, and caused to be made, false and
deceptive statements to the IRS, and concealed and caused to be
concealed material facts from the IRS, including, without limitation:

         a.   representing that the Fradulent Tax Returns were self-
prepared by the identity theft victims who were named as taxpayers;

         b.   concealing that defendants CASTREJON, SALAZAR, and
SANDOVAL had, in fact, prepared the Fraudulent Tax Returns without
the knowledge or consent of the identity theft victims who were named
as taxpayers;

         c.   representing that the mailing addresses and checking
or debit card account information provided in the Fraudulent Tax
Returns belonged to the identity theft victims who were named as
taxpayers;

         d.   representing that the income information on the
Fraudulent Tax Returns correctly reflected the identity theft

1  victims' incomes for the tax years for which the Fraudulent Tax

2  Returns were being submitted;

3          e.    representing that the dependents claimed on the

4  Fraudulent Tax Returns were family members of the identity theft

5  victims named as taxpayers and that the identity theft victims could

6  lawfully claim them as dependents on federal tax returns;

7          f.    representing that the identity theft victims who were

8  named as taxpayers on the Fradulent Tax Returns were entitled to

9  earned income credits, education credits, child tax credits, and

10 refunds claimed in the Fraudulent Tax Returns;

11         g.    representing that defendants CASTREJON, SALAZAR,

12 SANDOVAL, and GAMBOA had lawful authority to deposit the Refund

13 Checks into accounts controlled by defendants CASTREJON, SALAZAR,

14 SANDOVAL, and/or GAMBOA, and to cash the Refund Checks at banks or

15 check-cashing businesses;

16         h.    concealing that defendants CASTREJON, SALAZAR,

17 SANDOVAL, and GAMBOA had, in fact, fraudulently obtained and endorsed

18 the Refund Checks without the knowledge or consent of the identity

19 theft victims to whom the Refund Checks had been issued by the IRS;

20         i.    representing defendants CASTREJON, SALAZAR, and

21 SANDOVAL had lawful authority to withdraw cash directly from the

22 debit card accounts funded by the Claimed Refund payments and to make

23 purchases using debit cards drawn on the debit card accounts funded

24 by the Claimed Refund payments; and

25         j.    concealing that defendants CASTREJON, SALAZAR, and

26 SANDOVAL, had, in fact, fraudulently obtained the debit cards without

27 the knowledge or consent of the identity theft victims for whom the

28 debit cards were funded by the IRS.

B.   USE OF THE WIRES

    4.   On or about the dates set forth below, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendants CASTREJON, SALAZAR, SANDOVAL, and GAMBOA, for the purpose of executing and attempting to execute the above-described scheme to defraud, aiding and abetting each other, transmitted and caused the transmission of the following items by means of wire and radio communication in interstate and foreign commerce:

| COUNT | DATE | ITEM TRANSMITTED BY WIRE |
|---|---|---|
| TWENTY-FIVE | October 12, 2012 | 2011 federal income tax return in the name of E.G. |
| TWENTY-SIX | October 12, 2012 | 2011 federal income tax return in the name of D.J. |
| TWENTY-SEVEN | October 12, 2012 | 2011 federal income tax return in the name of K.L. |
| TWENTY-EIGHT | January 31, 2013 | 2012 federal income tax return in the name of C.C. |
| TWENTY-NINE | April 4, 2013 | 2012 federal income tax return in the name of D.J. |
| THIRTY | April 17, 2013 | 2012 federal income tax return in the name of V.C. |
| THIRTY-ONE | May 11, 2013 | 2012 federal income tax return in the name of K.L. |

COUNT THIRTY-TWO

[18 U.S.C. § 1029(a)(3)]

On or about May 15, 2013, in Riverside County, within the Central District of California, defendant CHARLENE CASTREJON ("CASTREJON"), knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, at least 15 credit and debit cards and social security numbers belonging to persons other than defendant CASTREJON, with said possession affecting interstate and foreign commerce.

COUNT THIRTY-THREE

[18 U.S.C. § 1029(a)(3)]

On or about May 15, 2013, in Riverside County, within the Central District of California, defendant RAYMOND SALAZAR ("SALAZAR"), knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, at least 80 credit and debit cards, and at least 300 social security numbers belonging to persons other than defendant SALAZAR, with said possession affecting interstate and foreign commerce.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THIRTY-FOUR

[18 U.S.C. § 1028(a)(4)]

On or about May 15, 2013, in Riverside County, within the Central District of California, defendant RAYMOND SALAZAR ("SALAZAR") knowingly possessed an identification document and three false identification documents with the intent to use said documents to defraud the United States, in that defendant SALAZAR possessed a social security card in the name of V.C. and three false California identification cards in the names of J.C., V.C., and L.J., and intended to present said documents to the Internal Revenue Service and financial institutions to obtain fraudulent tax refunds in the names of J.C., V.C., and L.J.

COUNT THIRTY-FIVE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about February 18, 2013, in Riverside County, within the Central District of California, and elsewhere, defendant CHARLENE CASTREJON ("CASTREJON"), aiding and abetting others, knowingly possessed and used, without lawful authority, means of identification that defendant CASTREJON knew belonged to another person, namely, the name and signature of A.M., during and in relation to the offense of Theft of Government Property Exceeding $1,000, a felony violation of Title 18, United States Code, Section 641, as charged in Count Twenty of this Indictment.

COUNT THIRTY-SIX

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about May 15, 2013, in Riverside County, within the Central District of California, and elsewhere, defendant CHARLENE CASTREJON ("CASTREJON"), aiding and abetting others, knowingly possessed, without lawful authority, means of identification that defendant CASTREJON knew belonged to other persons, namely, the names and dates of birth of A.Mo. and J.O., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Thirty-Two of this Indictment.

COUNT THIRTY-SEVEN

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about May 15, 2013, in Riverside County, within the Central District of California, and elsewhere, defendant RAYMOND SALAZAR ("SALAZAR"), aiding and abetting others, knowingly possessed, without lawful authority, means of identification that defendant SALAZAR knew belonged to other persons, namely, the names and dates of birth of R.N. and K.Lu., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Thirty-Three of this Indictment.

COUNT THIRTY-EIGHT

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about April 17, 2013, in Riverside County, within the Central District of California, and elsewhere, defendant RAYMOND SALAZAR ("SALAZAR"), aiding and abetting others, knowingly possessed, without lawful authority, means of identification that defendant SALAZAR knew belonged to another person, namely, the name, social security number, and date of birth of V.C., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Thirty of this Indictment.

COUNT THIRTY-NINE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about October 12, 2012, in Riverside County, within the Central District of California, and elsewhere, defendant REBECCA MONA SANDOVAL ("SANDOVAL"), aiding and abetting others, knowingly possessed, without lawful authority, means of identification defendant SANDOVAL knew belonged to another person, namely, the name, social security number, and date of birth of E.G., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Twenty-Five of this Indictment.

COUNT FORTY

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about October 12, 2012, in Riverside County, within the Central District of California, and elsewhere, defendant REBECCA MONA SANDOVAL ("SANDOVAL"), aiding and abetting others, knowingly possessed, without lawful authority, means of identification that defendant SANDOVAL knew belonged to another person, namely, the name, social security number, and date of birth of K.L., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Twenty-Seven of this Indictment.

COUNT FORTY-ONE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

On or about April 10, 2013, in San Bernardino County, within the Central District of California, and elsewhere, defendant ROBERT MANUEL GAMBOA, JR., also known as "Paul Timothy Garcia" ("GAMBOA"), aiding and abetting others, knowingly possessed and used, without lawful authority, means of identification that defendant GAMBOA knew belonged to other persons, namely, the names and signatures of L.J. and P.G., during and in relation to the offense of Theft of Government Property Exceeding $1,000, a felony violation of Title 18, United States Code, Section 641, as charged in Count Twenty-Four of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

1.   Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Fed. R. Crim. P., if any defendant is convicted of any of the offenses set forth in Counts Seventeen through Thirty-One of this Indictment, said defendant shall forfeit to the United States the following property:

(a)   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph a.

2.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1.    Pursuant to Title 18, United States Code, Sections 982 and 1029, and Rule 32.2(a), Fed. R. Crim. P., if any defendant is convicted of any of the offenses set forth in Counts Thirty-Two through Forty-One of this Indictment, said defendant shall forfeit to the United States the following property:

(a)   Any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation;

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a); and

(c)   Any personal property used or intended to be used to commit the offense.

2.    Pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of the defendant, the property described in subparagraphs 1(a) or (b), or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or

//

//

//

deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

JULIUS J. NAM
Assistant United States Attorney
Riverside Branch Office